AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | |
|---|---|
| SEAN BAUER, ALEX WILSON, ALEXIS CHAVEZ, AUTUMN GALVEZ, BRITTANY BUTLER, CATHY HOLBIRD, CHRISTOPHER PATKOCHIS, DALE MCCANTS JR., DARRYL ALLEN, ET AL *Plaintiff(s)* | ) ) ) ) ) ) |
| v. | ) ) Civil Action No. 2:21-cv-02952-DCN |
| R. KEITH SUMMEY, in his official and individual capacities; CITY OF NORTH CHARLESTON, *Defendant(s)* | ) ) ) ) ) ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  All Counsel of Record, please see the attached serice list document.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

GOLDFINCH WINSLOW, LLC
s/ Tom Winslow
Thomas W. Winslow (#73584)
11019 Ocean Highway
Pawleys Island, South Carolina 29576
Phone: (843) 357-9301
Facsimile: (843) 357-9303
Tom@GoldfinchWinslow.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2:21-cv-02952-DCN

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* Counsel for the Defendants are accepting service of the Amended Complaint.
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 09/22/2021                          s/Thomas W. Winslow, Esq.
                                          *Server's signature*

                                          Thomas W. Winslow, Esq. counsel for Plaintiffs
                                          *Printed name and title*

                                          11019 Ocean Highway
                                          Pawleys, Island, South Carolina 29585
                                          *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| SEAN BAUER, ALAN WICKLINE, ALEX WILSON, ALEXIS CHAVEZ, AUTUMN GALVEZ, BRITTANY BUTLER, CATHY HOLBIRD, CHRISTOPHER PATKOCHIS, DALE MCCANTS JR., DARRYL ALLEN, DAVID OWENS, DRENNEN RICHARDS, GIOVANNI BROWN, HAMPTON JENKINS, HELEN GREENFIELD, HOWARD THOMAS IV, JACK SNOVEL, JAMES ROMER, JAMES STEWART, JERRY WASHBURN, JOHN S. ANTHONY, JOSHUA WATSON, JUSTIN DRIGGERS, MICHAEL SALVO. NICOLE KRISTINE ARGENTO, NORMAN D SMITH, PATRICK NORWOOD, PAUL WATSON, PHIL PENDERGRASS, SARAH MIDGETT, STEPHANIE TUCKER, STEVE GREEN. TEDDY GORMAN, and THOMAS CHARETTE, SIERRA BRINDLE, MINDE HERBERT, RACHAEL SKELLEY,<br><br>        Plaintiffs,<br><br>vs.<br><br>R. KEITH SUMMEY, in his official and individual capacities; **CITY OF NORTH CHARLESTON,**<br><br>        Defendants. | Case No. 2:21-cv-02952-DCN<br><br><br><br><br>**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiffs Alan Wickline, Alex Wilson, Alexis Chavez, Autumn Galvez, Brittany Butler, Cathy Holbird, Christopher Patkochis, Dale McCants Jr., Darryl Allen, David Owens, Drennen Richards, Giovanni Brown, Hampton Jenkins, Helen Greenfield, Howard Thomas IV, Jack Snovel, James Romer, James Stewart, Jerry Washburn, John S. Anthony, Joshua

1

Watson, Justin Driggers, Michael Salvo. Nicole Kristine Argento, Norman D Smith, Patrick Norwood, Paul Watson, Phil Pendergrass, Sarah Midgett, Sean Bauer, Stephanie Tucker, Steve Green. Teddy Gorman, and Thomas Charette, Sierra Bridle, Minde Herbert, Rachael Skelley, hereinafter ("Plaintiffs")  bring this action for declaratory relief and alleges as follows:

## PARTIES

1. Plaintiff Sean Bauer is, and at all times relevant herein, was employed by the City of North Charleston Police Department.

2. Plaintiff Giovanni Brown is, and at all times relevant herein, was employed by the City of North Charleston Police Department.

3. Plaintiff Alexis Chavez is, and at all times relevant herein, was employed by the City of North Charleston Fire Department.

4. Plaintiff Teddy Gorman is, and at all times relevant herein, employed by the City of North Charleston Police Department and is currently temporarily assigned to the radio shop.

5. Plaintiff Hampton Jenkins is, and at all times relevant herein, employed by the City of North Charleston Police Department.

6. Plaintiff Sarah Midgett is, and at all times relevant herein, employed by the City of North Charleston Police Department and is currently assigned to the North Charleston Housing Authority.

7. Plaintiff Patrick Norwood is, and at all times relevant herein, employed by the City of North Charleston Fire and Police Departments.

8. Plaintiff James Romer is, and at all times relevant herein, employed by the City of North Charleston Fire Department.

9. Plaintiff Michael Salvo is, and at all times relevant herein, employed by the City of North

Charleston Fire Department.

10. Plaintiff Donavan Snovel is, and at all times relevant herein, employed by the City of North Charleston Fire Department.

11. Plaintiff James Stewart is, and at all times relevant herein, employed by the City of North Charleston Police and Fire Departments.

12. Plaintiff Howard Thomas IV is, and at all times herein, employed by the City of North Charleston Police Department.

13. Plaintiff Paul Watson is, and at all times relevant herein, employed by the City of North Charleston Police Department.

14. Plaintiff Alex Wilkinson is, and at all times relevant herein, employed by the City of North Charleston Police Department.

15. Sierra Brindle is, and at all times relevant herein, employed by the City of North Charleston as a First Responder.

16. Minde Herbert (a.k.a. "The Elderberry Lady") is and at all times relevant herein a Vendor with the City of North Charleston.

17. Rachael Skelley is, and at all times relevant herein, a Vendor with the City of North Charleston.

18. Defendant R. Keith Summey is the Mayor of the City of North Charleston ("Mayor"), and with the City of North Charleston are collectively referred to as "Defendants."

**FACTS AND ARGUMENT**

**I. THE MAYOR'S COVID VACCINE MANDATE VIOLATES THE SOUTH CAROLINA CONSTITUTION, SOUTH CAROLINA COMMON LAW, AND THE UNITED STATES CONSTITUTION**

19. Plaintiffs bring this action seeking a declaratory judgment regarding their rights and responsibilities to make medical decisions for themselves under the Constitution of the State of South Carolina, South Carolina common law, and the Constitution of the United States. Plaintiffs are seeking a temporary restraining order and preliminary injunction to enjoin enforcement of the Mayor's order (below) after providing the Defendants with the notice as required by SCRCP 65.

20. On September 1, 2021, Mayor Summey issued Executive Order Number 2021-001 ("EO No. 21-001"), attached as **Exhibit A**, which purported to impose a mandatory vaccine requirement on all city employees, volunteers, and interns, whether working on a full or part time schedule ("employees"). EO No. 21-001 mandates that compliance is a condition of continued employment. The order sets the compliance date as November 5, 2021. The individual plaintiffs are City employees as defined in EO No. 21-001 who want to exercise control over their own medical treatment and are being forced to choose between their rights, privileges, and liberties as citizens on the one hand and their employment, careers, and financial futures on the other.

21. Plaintiffs seek an order declaring EO No. 21-001 as unenforceable because it conflicts with the South Carolina Constitution's guarantee of free expression, violates the South Carolina's Home Rule Act, violates DHEC's General Supervision of Vaccination, Screening, and Immunization, would result in a common law wrongful discharge of the Plaintiffs, and conflicts with the United States Constitution's guarantee of equal protection, free exercise, and due process.

**A. THE MAYOR'S COVID VACCINE MANDATE VIOLATES PLAINTIFFS' PROTECTED RIGHT TO EXPRESSIVE SPEECH AND EXPRESSIVE CONDUCT UNDER THE SOUTH CAROLINA CONSTITUTION.**

4

22. Article I, Section 2 of the South Carolina Constitution states:

    "The General Assembly shall make no law respecting an establishment of religion or prohibiting the free exercise thereof, or abridging the freedom of speech or of the press; or the right of the people peaceably to assemble and to petition the government or any department thereof for a redress of grievances."

23. With very few exceptions, none of which apply here, all speech and expressive conduct are constitutionally protected. Plaintiffs' right to control their own medical destinies is both *expressive speech* in the form of opposition to the COVID-19 vaccine, and *expressive conduct* in opposition to the vaccine mandate.

24. Here, EO No. 21-001 is written in terms directed to the substance of an opinion or subject of communication. Plaintiffs' words and conduct *express a clear and unequivocal opinion* as to the COVID-19 vaccine mandate by Mayor Summey. Because EO 21-001 is directed as the substance of that opinion and the subject of Plaintiffs' communications it is constitutionally impermissible.

### B. THE MAYOR'S COVID VACCINE MANDATE VIOLATES THE SOUTH CAROLINA HOME RULE ACT

25. To the extent EO 21-001 is focused on the harms or effects of COVID-19 but by its terms it expressly prohibits the expression of the Plaintiffs, and others, to achieve its ends. EO 21-001 purports to prohibit or regulate the constitutionally protected expression of the Plaintiffs and is therefore overbroad and constitutionally impermissible.

26. South Carolina's Home Rule Act, S.C. Code Ann. §§ 5-7-10 to -310 (2004), allows a city to declare a state of emergency under an alleged need to preserve the "health, peace, order and good government of its citizens." However, the Home Rule doctrine in no manner serves as a license for local governments to countermand state law or the South Carolina Constitution. See, e.g., *City of North Charleston*, 306 S.C. at 156, 410 S.E.2d at 571 (noting

5

a grant of police power to local governments is given with the caveat that the locality may not enact ordinances that conflict with state law). see also *Williams v. Town of Hilton Head Island*, 311 S.C. 417, 422, 429 S.E.2d 802, 805 (1993) (explaining Home Rule "bestow[s] upon municipalities the authority to enact regulations . . . so long as such regulations are not inconsistent with the Constitution and general law of the state").

27. A declaration of an emergency does not alter this settled principle, for otherwise local governments could arbitrarily and unilaterally ignore legislative enactments by the General Assembly or the South Carolina Constitution.

28. Resolving a conflict between state law and a city (or county) ordinance invokes the principle of preemption.

> Conflict preemption occurs when the ordinance hinders the accomplishment of the statute's purpose or when the ordinance conflicts with the statute such that compliance with both is impossible. See *Peoples Program for Endangered Species v. Sexton*, 323 S.C. 526, 530, 476 S.E.2d 477, 480 (1996) ("To determine whether the ordinance has been preempted by Federal or State law, we must determine whether there is a conflict between the ordinance and the statutes and whether the ordinance creates any obstacle to the fulfillment of Federal or State objectives."); . . . 56 Am. Jur. 2d *Municipal Corporations* [§] 392 [(2000)] ("[Implied] conflict preemption occurs when an ordinance prohibits an act permitted by a statute, or permits an act prohibited by a statute[.]") . . . .

*S.C. State Ports Auth. v. Jasper Cnty.*, 368 S.C. 388, 400–01, 629 S.E.2d 624, 630 (2006).

29. Whether EO 21-001 is determined to be directed at the substance of an opinion or communication, or at the harms or effects of COVID-19, the Mayor's mandate it is unconstitutional under Article I, Section 2 of the South Carolina constitution and completely controverts the principle of the Home Rule Act.

30. Mayor Summey has placed Plaintiffs and all City employees in an untenable situation; forcing them to decide between their livelihoods and vindicating their statutory and

6

constitutional rights is unconscionable and wrong.

### C. THE MAYOR'S COVID VACCINE MANDATE SETS ASIDE LAWS PROTECTED BY THE SOUTH CAROLINA CONSTITUTION AND RESERVED TO THE STATE OF SOUTH CAROLINA

31. Article VIII, Section 14 of the South Carolina Constitution states:

    "**In enacting provisions required or authorized by this article, general law provisions applicable to the following matters shall not be set aside: (1) The freedoms guaranteed every person**; (2) election and suffrage qualifications; (3) bonded indebtedness of governmental units; (4) the structure for and the administration of the State's judicial system; (5) criminal laws and the penalties and sanctions for the transgression thereof; and **(6) the structure and the administration of any governmental service or function, responsibility for which rests with the State government or which requires statewide uniformity.** (1972 (57) 3184; 1973 (58) 67.)." (emphasis added)

32. S.C. Code Ann. § 44-29-40 states:

    (A) The Department of Health and Environmental Control shall have general direction and supervision of vaccination, screening, and immunization in this State. The Department of Health and Environmental Control has the authority to promulgate regulations concerning vaccination, screening, and immunization requirements.

33. The Department of Health and Environmental Control (DHEC) has the authority to declare regulations concerning vaccination and immunization requirements; South Carolina municipalities do not.

34. Defendants' EO is preempted by both state law and the South Carolina Constitution.

35. Resolving a conflict between state law and a city (or county) ordinance invokes the principle of preemption. *S.C. State Ports Auth. v. Jasper Cnty.*, 368 S.C. 388, 400–01, 629 S.E.2d 624, 630 (2006).

36. The Mayor's mandate is unconstitutional under Article VIII, Section 14 of the South Carolina constitution and completely controverts the principle of DHEC's General Supervision of Vaccination, Screening, and Immunization.

7

### D. THE MAYOR'S COVID VACCINE MANDATE VIOLATES PLAINTIFFS' PROTECTED RIGHTS UNDER THE UNITED STATES CONSTITUTION

37. Further, the First Amendment of the United States Constitution states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people to peaceably to assemble, and to petition the Government for a redress of grievances.

By compelling the Petitioners to receive the COVID-19 vaccine, or be fired, Mayor Summey is violating Plaintiffs' First Amendment protected right of free speech to express a message with which the Plaintiffs disagree with. See *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Com'n*, 138 S.Ct. 1719, 1729 (2018) (cake design can be expressive speech); *Citizens United v. Federal Election Com'n*, 558 U.S. 310, 339 (2010) (holding money is equivalent to speech).

38. Article I Section 3 of the South Carolina Constitution states,

> "The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor shall any person be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws."

Mayor Summey's executive order grants some employees of the City of North Charleston the ability to be employed, which is a privilege, which does not equally belong to all employees of the City of North Charleston. The EO on its face only applies to some City Employees. The EO fails to explain why it applies to only certain employees and not others.

39. Article XIV Section 1 of the United States Constitution states:

> "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The Executive Order states that City of North Charleston employees are prohibited from

8

engaging in work if they are not fully vaccinated. **Exhibit A.** Executive Order 21-001 deprives Plaintiffs of their property interest in their jobs at the City of North Charleston without due process. To the extent Plaintiffs are treated differently from other similarly situated employees the Executive Order is also a violation of the Plaintiffs' right to equal protection under the law.

40. Finally, the Public Readiness and Emergency Preparedness (PREP) Act Declaration was issued in March 2020 which covers COVID-19 tests, drugs, and vaccines providing liability protections to manufacturers, distributors, state, local, territorial, and tribal health agencies, licensed healthcare professionals and other qualified persons who administer COVID-19 countermeasures.

41. The effect of the PREP Act is that all the manufacturers and others are granted immunity from liability (except willful misconduct) for claims of loss caused by, arising out of, relating to, or resulting from the administration or use of covered countermeasures to diseases, threats and conditions identified in the declaration. Mayor Summey's COVID-19 vaccine mandate, coupled with nearly complete immunity of the PREP Act, deprives Petitioners any recourse legal recourse. The PREP Act liability protections end on October 1, 2024.

**WHEREFORE,** Plaintiffs pray for a judgment declaring Mayor Summey's Executive Order 21-001 unlawful and enjoining its enforcement, because:

(a) The order violates Plaintiffs' rights to free expression under the South Carolina Constitution Article I Section 2.

(b) The order violates the South Carolina Home Rule Act.

(c) The order violates DHEC's General Supervision of Vaccination, Screening, and Immunization.

(d) The order violates Plaintiffs' rights to free speech under the United States Constitution.

(e) The order violates the grant of equal protection under the law in the United States Constitution.

(f) The order deprives Plaintiffs of their employment without due process of law in violation of the United States Constitution.

(g) The order would result in the wrongful termination of the Plaintiffs if enforced.

Respectfully submitted,
**GOLDFINCH WINSLOW, LLC**
s/ Thomas W. Winslow, Esq.
Thomas W. Winslow (#73584)
11019 Ocean Highway
Pawleys Island, South Carolina 29576
Phone: (843) 357-9301
Facsimile: (843) 357-9303
Tom@GoldfinchWinslow.com

**FERNANDEZ LAW LLC**
s/ Thomas M. Fernandez, Esq.
Thomas M. Fernandez (#12984)
108 Whaler Avenue
Summerville, South Carolina 29486
Phone: (843) 580-6045
Facsimile: (843) 970-1814
Tom@TomFernandezLaw.com

**HOOSER LEGAL COUNSEL, LLC**
s/ Joshua Hooser, Esq.
Joshua Hooser, Esq. (#13330)
171 Church Street, Suite 340
Charleston, South Carolina 29401
Phone: (843) 640-3152
Josh@HooserLawyer.com

Attorneys for the Plaintiffs

September 23, 2021, Pawleys Island SC

10