**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

SEAN BAUER, GIOVANNI BROWN,   )
ALEXIS CHAVEZ, TEDDY GORMAN,  )
HAMPTON JENKINS, SARAH MIDGETT, )
PATRICK NORWOOD, JAMES ROMER,  )
MICHAEL SALVO, DONAVAN SNOVEL, )
JAMES STEWERT, HOWARD THOMAS, IV, )
PAUL WATSON, and ALEX WILKINSON, )
               )   **ORDER**
       Plaintiffs,   )
               )   No. 2:21-cv-02952-DCN
   vs.        )
               )
R. KEITH SUMMEY, *in his official and* )
*individual capacities*, and CITY OF NORTH )
CHARLESTON,       )
               )
       Defendants.  )
_____)

The following matter is before the court on defendants' motion to dismiss with

prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 21, and

plaintiffs' motion to voluntarily dismiss without prejudice pursuant to Federal Rule of

Civil Procedure 41(a), ECF No. 25. For the reasons set forth below, the court grants

defendants' motion, grants in part and denies in part plaintiffs' motion,[1] and dismisses the

action with prejudice.

## I.  BACKGROUND

On September 1, 2021, Mayor R. Keith Summey ("Mayor Summey"), in his

capacity as the City of North Charleston's chief executive, signed and issued Executive

---

[1] Although plaintiffs' motion to dismiss asks for dismissal without prejudice,
plaintiffs note in their reply that they request dismissal <u>with</u> prejudice in the alternative.
In this respect, plaintiffs' motion is granted in part.

Order Number 2021-0001 (the "Executive Order").  The Executive Order imposes a

mandatory COVID-19 vaccine requirement on all City of North Charleston employees,

volunteers, and interns, whether working on a full or part-time schedule.  The Executive

Order mandates that compliance is a condition of continued employment and sets the

compliance date as November 5, 2021.  A new policy implementing the Executive Order

was published to all employees.  That policy requires that all employees be fully

vaccinated or submit a request for an exemption.  The policy provides a process by which

employees can request an exemption based on medical need or religious objection, and it

provides for temporary deferral of the vaccine mandate for any employee on extended

leave, including under the Family and Medical Leave Act or military leave, at the time of

the effective date, and under other specified circumstances.

Certain volunteers, vendors, and personnel affiliated with or employed by the City

of North Charleston (collectively, "plaintiffs") filed for administrative exemptions from

the mandate.  On September 13, 2021, plaintiffs filed the instant lawsuit against the City

of North Charleston and Mayor Summey (collectively, "defendants") in the Charleston

County Court of Common Pleas, challenging the COVID-19 vaccine mandates under the

United States and South Carolina Constitutions and under certain South Carolina statutes

and common law.  ECF No. 1-1, Compl.  On September 14, 2021, defendants removed

the action to this court.  ECF No. 1.  That same day, plaintiffs filed a motion for

preliminary injunction. ECF No. 4.  On October 21, 2021, the court denied that motion,

finding, inter alia, that a preliminary injunction was not warranted because plaintiffs had

not shown a likelihood of success on the merits.  ECF No. 23.

On October 20, 2021, defendants filed a motion to dismiss with prejudice. ECF No. 21. Subsequently, on October 28, 2021, plaintiffs filed a motion to voluntarily dismiss the action without prejudice. ECF No. 25. On November 1, 2021, defendants responded in opposition to plaintiffs' request for dismissal without prejudice. ECF No. 26. On November 5, 2021, plaintiffs replied, ECF No. 27, and on November 8, 2021, defendants filed a sur-reply, ECF No. 28. On November 9, 2021, the court instructed plaintiffs to respond to defendants' motion to dismiss with prejudice. ECF No. 29. Plaintiffs filed that response on November 22, 2021, ECF No. 30, and on November 24, 2021, defendants replied, ECF No. 31. As such, both motions to dismiss have been fully briefed and are now ripe for the court's review.

## II.   DISCUSSION

Both parties request that the court dismiss the instant action. The only issue before the court is whether to do so with or without prejudice. Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may not voluntarily dismiss his or her action without a court order after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The purpose of Rule 41(a)(2) is to freely allow voluntary dismissals unless the parties will be unfairly prejudiced. McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986); Alamance Indus. Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961), cert. denied, 368 U.S. 831 (1961). As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal

3

prejudice to the defendant.  See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir.

1997); Phillips v. Ill. Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir. 1989); Andes v.

Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); McCants, 781 F.2d at 856–57.

Factors a district court should consider in ruling on such motions are: (1) the opposing

party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence

on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4)

the present stage of the litigation, i.e., whether a motion for summary judgment is

pending.  See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir.

1996); Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Paulucci v.

City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987).  These factors are not exclusive,

however, and any other relevant factors should be considered by the district court

depending on the circumstances of the case.  See Ohlander, 114 F.3d at 1537.

Rule 41(a)(2) permits the district court to impose conditions on voluntary

dismissal to obviate any prejudice to the defendants which may otherwise result from

voluntary dismissal.  A claim may be dismissed with prejudice under Rule 41(a)(2) if the

court considers it to be a proper term of dismissal and states it in the order of dismissal.

See Fed. R. Civ. P. 41(a)(2) (stating that dismissal may be granted "on terms that the

court considers proper" and that "unless the order states otherwise," dismissal is without

prejudice).  In addition, the plaintiff must have notice that dismissal with prejudice is a

possibility and have an opportunity to respond to a defendant's arguments for

dismissal with prejudice.  See Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir.

1986).

4

The court finds dismissal with prejudice appropriate here.  Most notably,

plaintiffs' reasons for voluntary dismissal without prejudice—to the extent they offer

any—are wholly insufficient.  In their motion for voluntary dismissal without prejudice,

plaintiffs failed to offer any explanation for the requested voluntary dismissal.  After

defendants challenged plaintiffs' motion on this basis, plaintiffs explained in reply that

dismissal without prejudice is necessary because the court denied their motion for a

preliminary injunction and, as a result, "[t]he parties are all vaccinated or terminated.  As

such, there is no need for the effort and expense to be had in delaying this dismissal or

taking this matter any further."  ECF No. 27 at 4.  In the court's view, this argument

negates, rather than supports, the need for dismissal without prejudice.  To the extent "the

case is moot" after the court's resolution of the motion for preliminary injunction, as

plaintiffs contend, the court sees no reason to permit plaintiffs to reopen the matter at a

later date.  Id.

The court instead finds that plaintiffs' motion to voluntarily dismiss the action is

merely an attempt to avoid defending their claims against dismissal for failure to state a

claim or otherwise.  Plaintiffs filed their motion for voluntary dismissal eight days after

defendants filed their Rule 12(b)(6) motion—notably, in lieu of responding to

defendants' motion.  After the deadline for plaintiffs' response to the Rule 12(b)(6)

motion had passed, the court specifically instructed plaintiffs to "respond to the merits of

defendants' motion to dismiss, ECF 21" and explained that their response would "assist

in the court's determination of whether this case should be dismissed with or without

prejudice."  ECF No. 29 at 2.  While plaintiffs thereafter filed a document purporting to

respond to defendants' motion to dismiss, that briefing is entirely devoid of any

5

substantive argument regarding the merits of plaintiffs' claims.  In the two short

paragraphs of plaintiffs' "argument," plaintiffs simply state in a conclusory manner that

their case has merit.  For example, they perfunctorily reiterate that the vaccine mandate

"is inconsistent with the Constitution and general law of this state."  ECF No. 30 at 3.

Suffice it to say, plaintiffs' "response" falls far short of defending their claims against a

Rule 12(b)(6) motion.  It is apparent by plaintiffs' refusal to provide meaningful

argument in response to defendants' motion to dismiss with prejudice that plaintiffs seek

voluntary dismissal, at least in part, as a means to avoid an imminent adverse ruling on

that motion.  And "avoiding an adverse ruling in federal court is a clearly insufficient

reason for a voluntary dismissal." Tyree v. Wal-Mart Stores E., Inc., 2009 WL 2852427,

at *2 (W.D. Va. Sept. 3, 2009).

        Additionally, the lack of diligence plaintiffs displayed in defending their claims,

defendants' effort and expense in this action, and the present stage of litigation all weigh

in favor of dismissing this action with, as opposed to without, prejudice.  As explained

above, plaintiffs utterly failed to defend their claims against defendants' motion to

dismiss.  Even if the motion to dismiss were not outstanding, the court's order on

plaintiffs' motion for preliminary injunction did not leave many pending issues in its

wake.  In the court's view, resolution of the action is primarily a matter of law and not

particularly fact-intensive.  The Executive Order at issue and the terms and conditions

therein are not in dispute.  The parties simply disagree on whether those terms and

conditions violate plaintiffs' rights.  In connection with plaintiffs' request for injunctive

relief, consideration of these complex issues of state and federal law, which would

usually be reserved for later stages of litigation, was required at the outset.  Defendants

and this court expended a great deal of energy in thoroughly considering each of

plaintiffs' claims at that time.  These efforts were needlessly compounded by plaintiffs'

failure to exhibit similar diligence in articulating the law applicable to their claims and

their arguments thereunder in briefing their motion.  See ECF No. 23 at 11 (noting that

plaintiffs' "motions for preliminary injunction are little more than a recitation of the

allegations in the complaint, without an overview of the law underlying plaintiffs' claims

or application of the facts to that law.  As such, defendants were left to prognosticate the

arguments that plaintiffs intended to make under each of their claims and preemptively

rebut those arguments in their responses.  Plaintiffs do little in their replies to clarify the

issues and applicable legal framework, but, instead, further complicate the motions by

consistently conflating their claims and reciting various legal buzz words and catch

phrases without explaining how those principles apply to the instant actions.").

Plaintiffs' motion comes only after the merits of the controversy were squarely raised,

and the court issued an unfavorable ruling regarding plaintiffs' likelihood of success on

their claims.  Accordingly, the court finds that dismissal without prejudice would result in

plain legal prejudice to defendants and denies plaintiffs' request for the same.

The court further finds that dismissal with prejudice is warranted because

plaintiffs had notice of the potential for dismissal with prejudice and an opportunity to

respond.  Plaintiffs first had notice of the potential for at least partial dismissal with

prejudice when defendants filed their Rule 12(b)(6) motion.  Plaintiffs thereafter had an

opportunity to respond to that motion pursuant to the usual deadlines provided for under

the Federal Rules.   Plaintiffs once again had notice and an opportunity to respond to the

possibility of dismissal with prejudice when defendants requested the same in their

response to plaintiffs' motion for voluntary dismissal.  Plaintiffs provided their arguments against dismissal with prejudice in reply.  Plaintiffs were put on notice a third time when the court ordered plaintiffs to respond to defendants' Rule 12(b)(6) motion after the deadline to do so had expired.  As explained above, the court specifically advised that it would consider that response in determining whether it should dismiss the action with or without prejudice.  The court further warned that "[d]ismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an imminent adverse ruling by the court." ECF No. 29 at 1–2 (collecting cases).  Additionally, plaintiffs requested dismissal with prejudice in the alternative and therefore were clearly aware that their alternative request may be granted.  Accordingly, the court does not find dismissal with prejudice unjust under the circumstances.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** defendants' motion to dismiss with prejudice for failure to state a claim, **GRANTS IN PART AND DENIES IN PART** plaintiffs' motion for voluntary dismissal, and dismisses the action with prejudice.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 1, 2022**
**Charleston, South Carolina**

8